**[ORAL ARGUMENT NOT SCHEDULED]**

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

NATIONAL ENDOWMENT FOR DEMOCRACY,

    Plaintiff-Appellee,

v.

UNITED STATES OF AMERICA, et al.,

    Defendants-Appellants.

No. 25-5361

**MOTION TO HOLD APPEAL IN ABEYANCE**

Pursuant to Federal Rule of Appellate Procedure 27, the government respectfully requests that the Court hold this appeal in abeyance, with status reports due at 60-day intervals. Plaintiff-appellee the National Endowment for Democracy takes no position on this motion and does not intend to file a response.

1. The Endowment is a private nonprofit corporation whose purposes include "encourag[ing] free and democratic institutions throughout the world through private sector initiatives." 22 U.S.C. § 4411(b). Congress has provided that the Department of State "shall make an annual grant to the

Endowment to enable the Endowment to carry out its purposes" from "funds specifically appropriated for grants to the Endowment." *Id.* § 4412(a); *see id.* § 6532(a).

2. The Endowment brought this action in March 2025 against the Department of State, the Office of Management and Budget, and several other agencies and officials. *See* Dkt. 1. In its amended complaint, the Endowment alleged that defendants were unlawfully "withholding approximately $95 million in funding that Congress has appropriated specifically for obligation to the Endowment in fiscal year 2025." Dkt. 35 ¶ 7. On August 11, 2025, the district court granted the Endowment's motion for a preliminary injunction and enjoined defendants from "withholding, blocking, reserving, or otherwise interfering with payment of appropriated funds for fiscal year 2025 to the Endowment." Dkt. 45; *see* Dkt. 46 at 15. Within two days of the preliminary injunction's issuance, the Office of Management and Budget "apportioned the remaining fiscal year 2025 funding in the [Endowment's] account to the Department of State." Dkt. 47 at 1. And on August 21, 2025, the Department of State "obligated to [the Endowment] the $94,941,000 that had remained in the FY2025 [Endowment] account." Dkt. 48 at 1.

2

3. The government intends to file a motion in district court to dismiss the case as moot on the ground that the Endowment "has obtained the relief [it] sought in its Amended Complaint." Dkt. 48 at 1; *see also* Dkt. 49 at 1; Dkt. 54 at 2.

4. The proceeding before this Court is an appeal from the preliminary injunction. The government respectfully requests that this Court hold this appeal in abeyance, with status reports due at 60-day intervals, pending the district court's resolution of the government's forthcoming motion to dismiss the case as moot.

The district court's disposition of the motion to dismiss may eliminate the need for this Court's review entirely or at least narrow the issues presented on appeal. For instance, if the district court concludes that the underlying case is moot, this appeal from the preliminary injunction would also be moot. *See People for Ethical Treatment of Animals, Inc. v. Gittens*, 396 F.3d 416, 421 (D.C. Cir. 2005) ("An appeal from an order granting a preliminary injunction becomes moot when, because of the defendant's compliance or some other change in circumstances, nothing remains to be enjoined through a permanent injunction." (citation omitted)). And if the district court concludes that the underlying case is not moot, the district

3

court's reasoning may bear on the extent to which this appeal presents a live controversy. A suspension of briefing in this appeal pending the district court's ruling would thus promote judicial efficiency and conserve party resources.

5. Counsel for the Endowment has indicated that the Endowment takes no position on this motion and does not intend to file a response.

Respectfully submitted,

BRAD HINSHELWOOD

 /s/ *Samuel B. Goldstein*
SAMUEL B. GOLDSTEIN
   Attorneys, Appellate Staff
   Civil Division
   U.S. Department of Justice
   950 Pennsylvania Avenue NW
   Washington, DC 20530
   (202) 514-0718

January 2026

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 555 words.  This motion also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using Microsoft Word in CenturyExpd BT 14-point font, a proportionally spaced typeface.

                                                */s/ Samuel B. Goldstein*
                                               Samuel B. Goldstein

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2026, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

> */s/ Samuel B. Goldstein*
> Samuel B. Goldstein